UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VESTER L. PATTERSON,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOES 1-18, *et al.*,<br><br>Defendants. | Case No. 1:19-cv-1401-JLT (PC)<br><br>**ORDER TO ASSIGN A DISTRICT JUDGE; FINDINGS AND RECOMMENDATIONS TO DISMISS NON-COGNIZABLE CLAIMS**<br>(Doc. 10)<br><br>**FOURTEEN-DAY DEADLINE** |

Previously, the Court screened plaintiff's first amended complaint and found it stated a cognizable Eighth Amendment claim against Does 1-18, members of the California Correctional Health Care Services' Hepatitis-C Treatment Committee. (Doc. 12.) The Court found no other cognizable claims. Plaintiff has now indicated his intent to proceed on this pleading as screened. (Doc. 14.) Accordingly, RECOMMENDS that this action proceed on an Eighth Amendment claim against Does 1-19, and that all other claims and defendants be dismissed.

**I.    Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted

inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 556 U.S. at 678.

Prisoners may bring § 1983 claims against individuals acting "under color of state law." See 42 U.S.C. § 1983, 28 U.S.C. § 1915(e) (2)(B)(ii). Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**II.      Plaintiff's Allegations**

Plaintiff's claims arose during his incarceration at California Correctional Institution ("CCI") in Tehachapi, California. He names the following individuals and entities as defendants: California Correctional Health Care Services ("CCHCS"); S. Tharatt, Chief Medical Executive at CCI; Randall Caldron, a medical doctor at CCI; and John Does 1-18, members of the CCHCS's Hepatitis-C Treatment Committee. Plaintiff seeks damages and injunctive relief.

Plaintiff's allegations may be fairly summarized as follows:

Plaintiff suffers from Hepatitis-C. On several occasions, he requested treatment for his illness but has been routinely denied because of a policy implement by the Headquarters Utilization Management ("HUM") Committee, of which Does 1 through 18 are members. These defendants are accused of having implemented the policy that denies certain medications (Harvoni, Sovaldi, and Viekira Pak) that they know can cure 90-95% of Hepatitis-C cases if administered early enough. The HUM policy in place, however, delays treatment until such time that the efficacy of these drugs is greatly reduced, thereby prolonging the suffering of inmates and exacerbating their condition. The defendants are accused of having denied plaintiff Harvoni or any medications

pursuant to the HUM policy. Instead, they ordered a course of monitoring instead of treatment. A recent liver test showed that plaintiff's liver is scarring and getting worse each day. Even so, he still has not received medical treatment for his Hepatitis-C because of the defendants' policy. Plaintiff claims that this delay has resulted in the worsening of his condition.

**III.   Discussion**

    **A.  Eleventh Amendment Immunity**

Plaintiff names CCHCS as a defendant. Plaintiff may not sustain an action against ths division of the California Department of Corrections and Rehabilitation ("CDCR") for money damages. The Eleventh Amendment prohibits federal courts from hearing suits for money damages against a state without its consent. Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). This bars suits against state agencies as well as those where the state itself is named as a defendant. See Natural Resources Defense Council v. California Dep't of Transp., 96 F.3d 420, 421 (9th Cir. 1996); Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989). "Though its language might suggest otherwise, the Eleventh Amendment has long been construed to extend to suits brought against a state by its own citizens, as well as by citizens of other states." Brooks, 951 F.2d at 1053 (citations omitted). "The Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief is legal or equitable in nature." Id. (citation omitted). Because the CDCR is a state agency and the CCHCS is a part of the CDCR, the CCHCS is immune to monetary damages for plaintiff's claims under the Eleventh Amendment.

    **B.  Official v. Individual Capacity Claims**

Plaintiff does not specify in what capacity he is suing the individual defendants. To the extent he is suing them in their official capacities, he is forewarned that the Eleventh Amendment also bars suits for money damages in federal court against state officials in their official capacity. Aholelei v. Department of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). However, it does

3

not bar official capacity suit for prospective relief, Wolfson v. Brammer, 616 F.3d 1045, 1065-66 (9th Cir. 2010); nor does it bar suit for damages against state officials in their personal capacities. Hafer v. Melo, 502 U.S. 21, 30 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003).

"Personal-capacity suits . . . seek to impose individual liability upon a government officer for actions taken under color of state law." Hafer, 502 U.S. at 25; Suever v. Connell, 579 F.3d 1047, 1060-61 (9th Cir. 2009). Where a plaintiff is seeking damages against a state official and the complaint is silent as to capacity, a personal capacity suit is presumed given the bar against an official capacity suit. Shoshone-Bannock Tribes v. Fish & Game Comm'n, 42 F.3d 1278, 1284 (9th Cir. 1994); Price v. Akaka, 928 F.2d 824, 828 (9th Cir. 1991).

A claim for prospective injunctive relief against a state official in his official capacity is not barred by the Eleventh Amendment provided the official has authority to implement the requested relief. Will v. Michigan Dept. of State Police, 491 U.S. 58, 92 (1989); accord Rouser v. White, 707 F. Supp. 2d 1055, 1066 (E.D. Cal. 2010) (proper defendant for injunctive relief in suit seeking implementation of CDCR policy is the CDCR Secretary in his official capacity). Since plaintiff's claim for medical treatment is prospective, official capacity claims would be allowed. In light of these legal standards, plaintiff may proceed against the defendants for damages in their individual capacities and for prospective injunctive relief in their official capacities.

**C.  Eighth Amendment Medical Indifference**

Where a prisoner's Eighth Amendment claims arise in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). To act with deliberate indifference, a prison official must both be aware of

4

facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847. "It is enough that the official acted or failed to act despite his knowledge of a substantial risk of harm." Id. at 842.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). Additionally, a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from a delay in providing care, a plaintiff must show that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); see also McGuckin, 974 F.2d at 1060. In addition, a physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989) (per curiam). A failure to competently treat a serious medical condition, even if some

1 treatment is prescribed, may constitute deliberate indifference in a particular case. Id.

2     Plaintiff's claim for damages against the Doe defendants in their individual capacities
3 may proceed. Plaintiff's Hepatitis C satisfies the requirement of a serious medical need. He also
4 properly alleges that the defendants knew of plaintiff's condition and the efficacy of Hepatitis C
5 medications when administered sooner rather than later. Despite such knowledge, they opted to
6 monitor instead of treat plaintiff's condition, resulting in its worsening. Additionally, plaintiff's
7 claim for prospective injunctive relief for treatment may proceed, though plaintiff is forewarned
8 here that only those committee members serving at the time the injunctive relief is granted (if it is
9 granted) would be able to order the treatment.

10     **D. Linkage**

11     Under § 1983, the plaintiff must demonstrate that each named defendant personally
12 participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77 Simmons v. Navajo
13 County, 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235
14 (9th Cir. 2009). Liability may not be imposed on supervisory personnel under the theory of
15 *respondeat superior*. Iqbal, 556 U.S. at 676-77. Supervisory personnel may only be held liable if
16 they "participated in or directed the violations, or knew of the violations and failed to act to
17 prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) accord Starr v. Baca, 652 F.3d
18 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 2101 (2012). Plaintiff names CCHCS, S.
19 Tharatt, and Randall Caldron as defendants but fails to include any charging allegations against
20 any of them. As a result, any claims asserted against them fails.

21     **E. Doe Defendants**

22     Although the Court has determined that plaintiff states a cognizable claim against the Doe
23 defendants, plaintiff is advised that service cannot be ordered of a Doe defendant because the
24 United States Marshal cannot serve an unknown individual. Therefore, before the Court orders
25 the United States Marshal to serve a Doe defendant, plaintiff will be required to identify him or
26 her with enough information to locate the defendant for service of process. Plaintiff will be given
27 an opportunity through discovery to identify the unknown Doe defendants. Crowley v. Bannister,
28 734 F.3d 967, 978 (9th Cir. 2013) (quoting Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir.

1980)). Once the identity of a Doe defendant is ascertained, plaintiff must file a motion to amend his complaint only to identify the identified Doe defendant so that service by the United States Marshal can be attempted. The Court will then send plaintiff the appropriate service documents at such time that plaintiff ascertains the identities of the Doe defendants. However, if plaintiff fails to identify any Doe defendant during the course of the discovery, any Doe Defendant will be dismissed from this action.

### IV. Conclusion

Plaintiff's first amended complaint states a cognizable Eighth Amendment claim against Does 1-18. No other claims are cognizable as pled. Accordingly, the court ORDERS the Clerk of Court to assign a district judge to this case; and

The court RECOMMENDS that this action proceed on an Eighth Amendment claim against Does 1-19, and that all other claims and defendants be dismissed.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 2, 2021**            **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

7